IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2011 APR 27  PM 1:42
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | |
| V. | § | A-11-CR-236-LY |
| | § | |
| CAROLYN BARNES | § | |

## ORDER

On April 26, 2011, Defendant Carolyn Barnes commenced this action by filing a Notice of Removal. Barnes seeks to remove a pending state criminal action to this Court.

The process for removing a state criminal proceeding to federal court is governed by federal statute. *See* 28 U.S.C. § 1446. Section 1446 provides:

> A defendant ... desiring to remove any ... criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant ... in such action.

28 U.S.C. § 1446(a).

The removal notice also must be filed within thirty days of the defendant's arraignment in state court or any time before trial, whichever comes first. 28 U.S.C. § 1446(c)(1). While the filing of a notice of removal of a criminal action does not preclude the state from going forward, it does keep the state court from entering a judgment of conviction when the criminal action has not been remanded. 28 U.S.C. § 1446(c)(3).

This Court's review of the materials Barnes has submitted in this case reveals that summary remand to the state court of this criminal prosecution is appropriate. Barnes has not complied with the removal statute, in that she has not provided copies of "all process, pleadings, and orders served upon" her in her state criminal cases. *See* 28 U.S.C. § 1446(a). Further, it is entirely unclear whether she has complied with any of the statute's time requirements. *See* 28 U.S.C. § 1446(c)(1).

Moreover, even if Barnes had complied with the procedural requirements of the removal statute, summary remand is still appropriate. A federal removal statute authorizes a defendant in a pending state civil action or criminal prosecution to remove such state action or prosecution to federal court in some circumstances. *See* 28 U.S.C. § 1443. Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> >
> > (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Removal under section 1443(2) is "limited to federal officers and those authorized to act for them or under them." *Varney v. Georgia*, 446 F.2d 1368, 1369 (5th Cir. 1971) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 814-15 (1966)). In light of *Peacock*, removal under section 1443(2) is unavailable to Barnes in this action. *See* 384 U.S. at 124 ("hold[ing] that the second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil

rights"). The Court is thus only concerned with whether Barnes properly removed this action pursuant to section 1443(1).

To properly remove a case under section 1443(1) the defendant must satisfy the two-part test established in *Georgia v. Rachel*, 384 U.S. 780, 791-800 (1966). *Rachel* first requires that the right allegedly denied the defendant arise under a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* at 792; accord *Williams v. Mississippi*, 608 F.2d 1021, 1022 (5th Cir. 1979). The defendant must also show that he or she cannot enforce the specified federal right in state court. *Rachel*, 384 U.S. at 794-800; *Williams*, 608 F.2d at 1022. Furthermore, to minimize infringement upon the sovereignty of the state courts, the federal courts strictly construe the removal statute. *Peacock*, 384 U.S. at 827-28.

In this instance, Barnes has not satisfied the two-part *Rachel* test. She makes no allegation that the State has violated any specific federal law protecting against racial discrimination. In addition, Barnes has not shown that she cannot enforce a specified federal right in state court.

Because it clearly appears from the notice of removal that the Court should not permit removal, the Court summarily remands this action to the County Court at Law Number Three of Travis County, Texas. *See* 28 U.S.C. § 1446(c)(4).

It is therefore **ORDERED** that this case is remanded to the County Court at Law Number Three of Travis County, Texas, and this case is closed.

Signed this 27th day of April 2011.

LEE YEAKEL
UNITED STATES DISTRICT COURT

3